Exhibit 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, et. al

                 *Plaintiff,*

         v.

AETNA  INC.,

and

HUMANA  INC.,

               *Defendants*.

Case No. 1:16-cv-01494

### DEFENDANTS' NOTICE OF SUBPOENA OF DEPARTMENT OF HEALTH AND HUMAN SERVICES / CENTER FOR MEDICARE AND MEDICAID SERVICES

PLEASE TAKE NOTICE that, pursuant to and in accordance with Rule 45 of the Federal Rules of Civil Procedure, Defendants Aetna Inc. and Humana Inc. are serving a subpoena for documents and things on the Department of Health and Human Services / Center for Medicare and Medicaid Services as set forth in the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, attached hereto.

Dated:  July 29, 2016                    Respectfully submitted,

                                        */s/ Christopher N. Thatch*
                                        Christopher N. Thatch (DDC No. 980277)
                                        JONES DAY
                                        51 Louisiana Ave., NW
                                        Washington, DC 20001
                                        Telephone:  (202) 879-3939
                                        Facsimile: (202) 626-1700
                                        Email: cthatch@jonesday.com

                                        *Counsel for Defendant Aetna Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 29, 2016, I served one copy of the foregoing by electronic mail on the following:

Sonia K. Pfaffenroth
  *Deputy Assistant Attorney General*

Patricia A. Brink
  *Director of Civil Enforcement*

Eric Maiir
  *Director of Litigation*

Peter J. Mucchetti
  *Chief, Litigation I Section*

Ryan M. Kantor
  *Assistant Chief, Litigation I Section*

Sanford M. Adler
Dylan M. Carson
Craig Conrath
Emma Dick
Justin T. Heipp
Barry Joyce
Patrick M. Kuhlmann
James Ryan
Matthew D. Siegel
Patricia L. Sindel
Eric D. Welsh
  *Trial Attorneys, Litigation I Section*

*U.S. Department of Justice*
*Antitrust Division*
450 Fifth Street, NW #4000
Washington, D.C. 20530
ryan.kantor@usdoj.gov
Telephone: (202) 305-1489
Facsimile: (202) 514-7308

*Attorneys for the United States*

Arthur N. Lerner
Kent A. Gardiner
Shari Ross Lahlou
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004-2595
alerner@crowell.com
kgardiner@crowell.com
slahlou@crowell.com
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

*Counsel for Defendant Humana Inc.*

Matthew P. Denn
   *Attorney General*
Michael A. Undorf
   *Deputy Attorney General*

Delaware Department of Justice
820 North French Street, 5th Floor
Wilmington, Delaware 19801
Phone: 302-577-8924
Facsimile: 302-577-6499
E-mail: michael.undorf@state.de.us

*Attorneys for Plaintiff State of Delaware*

Karl A. Racine
   *Attorney General*
Elizabeth Sarah Gere
   *Dep. Attorney General, Public Interest Div.*
Catherine A. Jackson
   *Assistant Attorney General*

441 Fourth Street, N.W., Suite 630-South
Washington, DC 20001
Phone: (202) 442-9864
Facsimile: (202) 741-0655
Email: catherine.jackson@dc.gov

*Attorneys for Plaintiff District of Columbia*

Pamela Jo Bondi
   *Attorney General*
Patricia A. Conners
   *Deputy Attorney General*
Lizabeth A. Brady
   *Chief, Multistate Enforcement*
Christopher R. Hunt
Timothy M. Fraser
Rachel Michelle Steinman
   *Assistant Attorneys General*

Florida State Bar Number: 457991
Office of the Attorney General of Florida
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Phone: 850-414-3851
Facsimile: 850-488-9134
E-mail: liz.brady@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

Samuel S. Olens
   *Attorney General*
Daniel Walsh
   *Senior Assistant Attorney General*

Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
Phone: 404-657-2204
Facsimile: 404-656-0677
E-mail: dwalsh@law.ga.gov

*Attorneys for Plaintiff State of Georgia*

Lisa Madigan
    *Attorney General*
Robert W. Pratt
    *Chief, Antitrust Bureau*

Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
Phone: 312-814-3722
Facsimile: 312-814-4209
E-mail: RPratt@atg.state.il.us

*Attorneys for Plaintiff State of Illinois*

Thomas J. Miller
    *Attorney General*
Layne M. Lindebak
    *Assistant Attorney General*

Iowa Department of Justice
Special Litigation Division
1305 East Walnut Street, 2nd Floor
Des Moines, Iowa 50319
Phone: 515-281-7054
Facsimile: 515-281-4902
Layne.Lindebak@iowa.gov

*Attorneys for Plaintiff State of Iowa*

Mike Dewine
    *Attorney General*
Thomas N. Anger
Brian F. Jordan
Beth A. Finnerty
    *Assistant Attorneys General*

150 E. Gay Street, 22nd Floor
Columbus, OH 43215
Phone: 614-466-4328
Facsimile: 614-995-0266
E-mail:
beth.finnerty@ohioattorneygeneral.gov

*Attorneys for Plaintiff State of Ohio*

Bruce L. Castor, Jr.
    *First Deputy Attorney General*
James A. Donahue, III
    *Executive Deputy Attorney General*
    *Public Protection Division*
Tracy W. Wertz
    *Chief Deputy Attorney General, Antitrust*
Jennifer A. Thomson
    *Senior Deputy Attorney General*
Aaron L. Schwartz
    *Deputy Attorney General*

Antitrust Section
Office of Attorney General
14th Floor, Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
Fax: (717) 787-1190
Email: jthomson@attorneygeneral.gov

*Attorneys for Plaintiff Commonwealth of Pennsylvania*

Mark R. Herring
   *Attorney General*
Cynthia E. Hudson
   *Chief Deputy Attorney General*
Rhodes B. Ritenour
   *Deputy Attorney General, Civ. Lit. Div.*
Richard S. Schweiker, Jr.
   *Senior Ass. Attorney Gen. and Chief,*
   *Consumer Protection Section*
Sarah Oxenham Allen
   *Senior Ass. Attorney Gen. and*
   *Unit Manager, Antitrust Unit*
Tyler T. Henry
   *Assistant Attorney General, Antitrust Unit*

202 North 9th Street
Richmond, Virginia 23219
Phone: 804-692-0485
Facsimile: 804-786-0122
E-mail: THenry@oag.state.va.us

*Attorneys for Plaintiff Commonwealth of Virginia*

Dated:  July 29, 2016

*/s/ Christopher N. Thatch*
Christopher N. Thatch (DDC No. 980277)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone:  (202) 879-3939
Facsimile: (202) 626-1700
Email: cthatch@jonesday.com

*Counsel for Defendant Aetna Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America, et al., | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No.  1:16-cv-1494-JDB |
| Aetna Inc. and Humana Inc., | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Department of Health and Human Services, Office of Legal Resources, Office of the General Counsel
Room 700E, 200 Independence Avenue, SW, Washington, DC 20201

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Subpoena Attachment. For response time: RFPs 1, 2, 3, 4, 5 by August 8, 2016;
all other RFPs by August 17, 2016.

| Place: JONES DAY | Date and Time: |
|---|---|
| 51 Louisiana Avenue, NW | |
| Washington, DC 20001 | 08/08/2016 5:30 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/29/2016

CLERK OF COURT

_____          OR          _____
_Signature of Clerk or Deputy Clerk_                              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Aetna Inc. _____ , who issues or requests this subpoena, are:

Christopher Thatch, JONES DAY, 51 Louisiana Avenue, NW, Washington, DC 20001, (202) 879-4658

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:16-cv-1494-JDB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA ATTACHMENT

Pursuant to Federal Rules of Civil Procedure 34 and 45, Defendants Aetna Inc. ("Aetna") and Humana Inc. ("Humana") request production of the documents and materials identified below.  Please deliver the requested documents and materials to the attention of Geoffrey Irwin, Esq., Jones Day, 51 Louisiana Avenue, N.W., Washington, DC, 20001.  For Request Nos. 1, 2, 3, 4, and 5, please deliver the requested documents and materials no later than Monday, August 8, 2016.  For the remainder of the Requests, please deliver the requested documents and materials no later than Wednesday, August 17, 2016.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All documents concerning MA bid pricing tools (BPTs) or bid workbooks received from any MAO, including the most recent version of all 2017 bid workbooks.

### REQUEST NO. 2

All data for the past five years from the Medicare Enrollment Database (EDB) (Personal Identifying Information may be masked using a unique ID that is consistent for each enrollee over time.).

### REQUEST NO. 3

All data for the past five years from the Medicare Risk Adjustment Processing System (RAPS) (Personal Identifying Information may be masked using a unique ID that is consistent for each enrollee over time.).

### REQUEST NO. 4

All data for the past five years from the Medicare Monthly Membership Detail Report (MMDR) (Personal Identifying Information may be masked using a unique ID that is consistent for each enrollee over time.).

### REQUEST NO. 5

To the extent it is are not produced in response to Requests 2 through 4 above, any other data sufficient to identify each beneficiary's enrollment in Original Medicare, an MA plan, a Prescription Drug (Part D) plan, a Medicare Supplemental (Medigap) plan, or other supplemental health insurance, including Medicare or employer coverage.

**REQUEST NO. 6**

All documents concerning Original Medicare (and its related add-on products: Medicare Supplemental, Prescription Drug (Part D) plans) and Medicare Advantage as alternatives to one another or otherwise as offering competing choices to consumers.  This request includes but is not limited to: documents purporting to educate or inform consumers about their Medicare coverage options or consumers' right or ability to switch options; documents concerning the factors that influence consumers' decision to choose between or to select among Medicare Advantage and Original Medicare, either alone or in combination with Medicare Supplemental and/or Prescription Drug (Part D) plans; and documents explaining the historic relationship between Original Medicare and Medicare Advantage.

**REQUEST NO. 7**

All documents, including but not limited to Daily Transaction Reply Report (DTRR) files, showing enrollment in, disenrollment from, or switching or choosing between Medicare Advantage products, Prescription Drug (Part D) and Original Medicare products (Personal Identifying Information may be masked using a unique ID that is consistent for each enrollee over time.).

**REQUEST NO. 8**

All analyses, reports, memoranda, or spreadsheets evaluating the impact of CMS regulations on: (1) MA plan bids, (2) MA plan attractiveness or benefits to consumers, (3) MA plan profitability and growth, (4) expansion of MA plans or the MA program, and (5) MA plan design or the richness of benefits.

**REQUEST NO. 9**

Documents sufficient to show the 2017 Star Ratings for MA products, including any preliminary data, as well as the underlying data on which the ratings are predicated.

**REQUEST NO. 10**

All analyses, reports, memoranda, or spreadsheets concerning the effects of Star Ratings on beneficiaries and MAOs, including but not limited to: (1) the effects on plan selection by (i) age-ins, and (ii) switching by seniors already in the Medicare programs; (2) the effects on MAOs' retention and turnover of members; and (3) the effects on MAOs' ability to offer products with improved benefits.

**REQUEST NO. 11**

All analyses, reports, memoranda, or spreadsheets concerning the effect of enrollee characteristics (e.g., income, age, or disability status) on Star Ratings, including but not limited to any research performed by or on behalf of CMS regarding the reliability, accuracy or biases of Star Ratings.

**REQUEST NO. 12**

All data sufficient to show for each Individual Exchange enrollee (Personal Identifying Information may be masked using a unique ID that is consistent for each enrollee over time) on an annual basis for 2014-2016:

    a) the plan selected (identified by HIOS plan ID, metal tier, carrier, and plan name),

    b) the county of residence;

    c) any applicable tax credit or cost-sharing subsidy qualification;

    d) the enrollee's age, gender, and race;

    e) whether the enrollee actively or passively selected the plan;

    f) whether the enrollee effectuated coverage;

    g) the start date of the enrollee's coverage;

    h) the end date of the enrollee's coverage; and

    i) the "Provider Participation Rate" for the plan and whether the plan breadth is "Basic," "Standard," or "Broad" (these terms have the meaning set forth in CMS, "2017 Letter to Issuers in the Federally-Facilitated Marketplaces," February 29, 2016, at 27).

**REQUEST NO. 13**

All data concerning the Medical Loss Ratio (MLR), total medical premiums, total medical expenses, and other profit measures for each exchange plan (identified by HIOS plan ID, carrier, and plan name) by state, annually for 2014-2016.

**REQUEST NO. 14**

All documents relating to the following reports, including all data and intermediate files used by the Assistant Secretary for Planning and Evaluation (ASPE), to produce the reports:

    a) "MARKETPLACE PREMIUMS AFTER SHOPPING, SWITCHING, AND PREMIUM TAX CREDITS, 2015-2016," April 12, 2016;

    b) "HEALTH INSURANCE MARKETPLACES 2016 OPEN ENROLLMENT PERIOD: FINAL ENROLLMENT REPORT," March 11, 2016;

    c) "HEALTH PLAN CHOICE AND PREMIUMS IN THE 2016 HEALTH INSURANCE MARKETPLACE," October 30, 2015;

    d) "CONSUMER DECISIONS REGARDING HEALTH PLAN CHOICES, IN THE 2014 AND 2015 MARKETPLACES," October 28, 2015; and

e) "COMPETITION AND CHOICE IN THE HEALTH INSURANCE MARKETPLACES, 2014-2015: IMPACT ON PREMIUMS," July 27, 2015.

**REQUEST NO. 15**

All analyses, reports, memoranda, or spreadsheets concerning analyses performed by CMS related to competition, plan selection, carrier participation, entry or exit, or switching among plans by consumers, and network breadth on the Individual Exchanges, including underlying data.

**REQUEST NO. 16**

All data concerning: (1) the identification of the counties and rating areas in which each existing or new carriers will offer Individual Exchange plans in 2017; and (2) the premium and total beneficiary cost for each such plan. This request includes but is not limited to applications for new Qualified Health Plans (QHPs) filed by carriers who plan to enter an exchange or offer a new exchange plan in 2017, and rate review requests filed by carriers who will continue to offer exchange plans in 2017.

**REQUEST NO. 17**

All data identifying, for 2015-2016, all Medicare Accountable Care Organizations (ACOs) with attributed Medicare beneficiaries in any county, the type of each such ACO (MSSP, Pioneer, Next Generation, etc.), and the number of attributed beneficiaries for each ACO and county.

**REQUEST NO. 18**

Data sufficient to identify for 2015 and 2016 all Bundled Payment Care Improvement initiative arrangements, including but not limited to the name, address, TIN, type of organization and type of entity of each Awardee, Awardee Convener, Facilitator Convener, Provider Partner and the episodes of care applicable.

**REQUEST NO. 19**

All analyses, reports, memoranda, or spreadsheets evaluating or analyzing the provision of coordinated care to Medicare beneficiaries by Medicare ACOs.

**REQUEST NO. 20**

All data evaluating or analyzing the growth of Medicare ACOs; the effects of Medicare ACOs on healthcare spending for the Medicare population; the effects of Medicare ACOs on the enrollment, growth, or profitability of Medicare Advantage plans; the ability or likelihood of providers participating in Medicare ACOs beginning to offer MA plans; or the effects of Medicare ACOs on healthcare quality or patient outcomes.

**REQUEST NO. 21**

All documents concerning communications with DOJ regarding the Transaction.

**REQUEST NO. 22**

All documents concerning any internal or external analyses or communications regarding the Transaction.

**REQUEST NO. 23**

All documents provided to DOJ for the purposes of its review of the Transaction.

## DEFINITIONS

Unless the context indicates otherwise, the following definitions shall apply to these Requests:

1.      "Aetna" means Aetna Inc. and its predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents and representatives.

2.      "All" (or "all") and "Each" (or "each"), as used herein, shall be construed as all and each.

3.      "And" ("and") and "Or" ("or"), as used herein, shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed outside of its scope.

4.      "Any" (or "any"), as used herein, means each and every.

5.      "Communication" (or "communication"), as used herein, means all modes of conveying information, including but not limited to telephone calls, e-mails and all other forms of electronic communication and electronic messaging, letters, conversations, interviews, meetings, hearings, and other written, electronic or spoken language or graphics between two or more persons, however transmitted or stored.

6.      "Concerning" (or "concerning"), "Relating to" (or "relating to"), and "Regarding" (or "regarding"), as used herein, mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, describing, dealing with, evidencing,

identifying, involving, reporting on, relating to, reflecting, referring to, studying, mentioning, or pertaining to, in whole or in part.

7.   "Document" (or "documents") is defined as broadly as that term is construed under Rule 34 of the Federal Rules of Civil Procedure, and is meant to include, but is not limited to, all tangible and intangible modes of communicating, conveying or providing any information such as writings, correspondence, communications, notes, letters, memoranda, drawings, graphs, charts, photographs, discs, computer recordings, electronic mail, spreadsheets, data, databases, and any other data compilations from which information can be obtained.

8.   "DOJ" means the Department of Justice, its employees, attorneys, accountants, economists, staff, consultants, experts, agents, and representatives, and specifically includes any third party representative or agent, wherever located, acting or purporting to act on behalf of or assisting the DOJ.

9.   "Humana" means Humana Inc., and its predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents and representatives.

10.   "Individual Exchange" (or "individual exchange") means a federally-administered health insurance marketplace, a federally-supported health insurance marketplace, or a state-partnership health insurance marketplace, but excludes any state-based health insurance marketplaces.

11.   "Medicare Advantage" (or "MA") means the program through which private entities offer health insurance plans to Medicare-eligible beneficiaries under Part C of the Medicare program.

12.   "Medicare Advantage plan" (or "MA plan") means a CMS-approved health care

coverage plan offered by private insurers under Medicare Part C and sold to individuals with or without a Prescription Drug plan, but excludes employer group MA plans.

13.   "Medicare Advantage Organization" (or "MAO") means any entity that offers or is authorized to offer a Medicare Advantage plan under Medicare Part C.

14.   Original Medicare" or "Traditional Medicare" or "FFS Medicare" means the fee-for-service health coverage program managed directly by the United States Government through the Centers for Medicare & Medicaid Services ("CMS") and available to people who are 65 or older, certain younger people with disabilities, and people with End-Stage Renal Disease (permanent kidney failure requiring dialysis or a transplant, sometimes called ESRD).

15.   "Prescription Drug (Part D) plan" (or "Prescription Drug (Part D)") means Medicare-approved prescription drug coverage offered under Medicare Part D.

16.   "Person" (or "person") means any natural person, corporation, association, organization, firm, company, partnership, joint venture, trust, estate, or other legal or governmental entity (*e.g.*, the U.S. Department of Justice, a state Department of Insurance, a state Attorney General, etc.), whether or not possessing a separate juristic existence.

17.   "Third party" (or "third party") means any person other than DOJ, Aetna, and Humana, including but not limited to the Federal Trade Commission and Congress.

18.   "This Litigation" means *United States of America v. Aetna, Inc. et al.*, No. 16-cv-01494 (D.D.C. July 21, 2016).

19.   "Transaction" (or "transaction"), as used herein, means the proposed acquisition of Humana by Aetna.

20.   "You" (or "you") or "Yours" (or "yours") or "CMS" (or "cms") means Center for Medicare and Medicaid Services ("CMS"), its managers, employees, attorneys, accountants,

economists, staff, consultants, experts, agents, and representatives, and specifically includes any

third party representative or agent, wherever located, acting or purporting to act on behalf of

CMS.

## INSTRUCTIONS

1.      Provide all responsive Documents in your possession, custody, or control or in the

possession, custody or control of your representatives and agents.

2.      Unless otherwise stated, the relevant time period for the Requests is January 1,

2010 through the present.

3.      For each Request, you are to produce entire documents including all attachments,

enclosures, cover letters, memoranda and appendices.  Copies that differ in any respect from an

original (because, by way of example only, handwritten or printed notations have been added)

shall be treated as separate documents and produced separately. Each draft of a document is a

separate document. A request for a document shall be deemed to include a request for any and all

transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition

to the document itself.  For those documents written in a language other than English, please

translate the document into English and produce the foreign language document, with the

English translation attached thereto.

4.      Provide all electronically stored information ("ESI") in standard, single-page

Group IV TIFF format with searchable text and metadata in a Concordance or similar load file.

Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and

PowerPoint files, as well as audio, audiovisual, and video files, in their native formats. Provide

all hard copy documents as image files with searchable OCR text and unitize the hard copy

documents to the extent possible (i.e., multi-page documents shall be produced as a single

document and not as several single-page documents). Hard copy documents shall be produced as they are kept, reflecting attachment relationships between documents and information about the file folders within which the document is found. Produce the metadata for any responsive ESI with the responsive data, including the following fields: custodian, author(s), recipient(s), copy recipient(s), blind copy recipient(s), subject, file sent date/time, file creation date/time, file modification date/time, file last accessed data/time, beginning bates, ending bates, parent beginning bates, attachment(s) beginning bates, hash value, application type, file type, file name, file size, file path, and folder path. Documents produced in native format shall be accompanied by a native link field.

5.    Where a claim of privilege or other protection from discovery is asserted in objecting to any Request or sub-part thereof, and any document is withheld (in whole or in part) on the basis of such assertion, you shall provide a log ("Privilege Log") in Microsoft Excel format that identifies where available:

(a)    The nature of the privilege or protection from discovery (including but not limited to attorney-client, work product, and deliberative process) that is being claimed with respect to each document;

(b)    The type of each document;

(c)    The date of each document;

(d)    The author of each document;

(e)    The addresses and recipients of each document (including those recipients cc-ed or bcc-ed);

(f)    A description of each document containing sufficient information to identify the general subject matter of the document and to enable Defendants to assess the applicability of the privilege or protection claimed; and

(g)    The identity of and any production Bates number assigned to any attachment(s), enclosure(s), cover letter(s), or cover email(s) of each document, including the information outlined in subsections (a) through (g)

above for each such attachment, enclosure, cover letter, or cover email. Attachments, enclosures, cover letters, and cover emails shall be entered separately on the Privilege Log. The Privilege Log shall include the full name, title, and employer of each author, addressee, and recipient, denoting each attorney with the letters "ESQ." Submit all non-privileged portions of any responsive document (including non-privileged or redactable attachments, enclosures, cover letters, and cover emails) for which a claim of privilege is asserted, noting where redactions to the document have been made.

6.      If you assert that part of the Request is objectionable, respond to the remaining parts of the Request to which you do not object.  For those portions of any document Request to which you object, please state the reasons for such objection and describe the documents or categories of documents that are not being produced.

7.      These document Requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

8.      The documents responsive to these Requests are to be produced as they were kept in the ordinary course of business and are to be labeled in such a way as to show which files and offices they came from.

9.      The specificity of any single Request shall not limit the generality of any other Request.

10.     Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

11.     These Requests are continuing in nature, and you must supplement your responses pursuant to Federal Rule of Civil Procedure 26(e).  Defendants specifically reserve

the right to seek supplementary responses and the additional supplementary production of documents before trial.