**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ANTHEM, INC., et al.,**<br><br>Defendants. | **Civil Action No. 16-1493 (JDB)** |
| **UNITED STATES OF AMERICA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**AETNA INC., et al.,**<br><br>Defendants. | **Civil Action No. 16-1494 (JDB)** |

**ORDER**

In these cases, the United States seeks to enjoin two mergers in the health insurance industry: one between Anthem and Cigna, and another between Aetna and Humana. Believing that the cases involved common issues of fact, the government filed them as "related cases." Both cases were then assigned to this judge. Late last week, the Court requested written submissions from the parties explaining their views on the relationship of the cases, the timing of proceedings, and the extent to which the proceedings in both cases should be conducted jointly. On August 4, 2016, the Court held a joint status conference to discuss these issues. After hearing from all parties both in writing and orally, the Court has decided to refer the Anthem-Cigna case (No. 16-1493) back to the calendar committee for random reassignment to a new judge.

As a starting point, all the parties agree that the two cases should be tried separately. The parties disagree, however, about the proper timing of those trials. The various defendants urge extreme expedition, based in part on the contractual deadlines in their merger agreements. The Anthem-Cigna merger can be terminated by either party on April 30, 2017, if it has not yet been consummated. Anthem contends that it needs a decision in its case by the end of 2016, so that it will have four months to secure some outstanding approvals from state insurance regulators.[1] Aetna and Humana, in turn, argue that their case is even more time-sensitive because their contractual deadline arrives four months earlier, on December 31, 2016. Based on their deadlines, Anthem and Aetna both request trial dates in the fall of 2016. The government resists this degree of expedition, arguing that more time is necessary to prepare these cases for trial and that defendants' self-imposed deadlines should not drive the timing of the proceedings. The government suggests setting both cases for trial commencing in mid-February 2017, then trying them successively.

While the Court declines to embrace the specifics of defendants' scheduling proposals, it acknowledges their need for expedition and is inclined to accommodate their contractual deadlines to the extent reasonable. But doing so would require a decision on the merits in Aetna's case before the year's end and another in Anthem's case not long thereafter. Given the complexity and importance of these cases, the Court cannot feasibly try and decide both in that timeframe. Ultimately, it will be fairer to the parties and better for the public if one of the cases is randomly reassigned to another judge in this district, who can give it prompt and full attention while this judge does the same with the other.

---

[1] Based on the information provided to this Court to date, the allocation of four months for a few state insurance approvals after a trial and court approval of the merger seems excessive given all the circumstances.

In the Court's view, Anthem's case is the better candidate for reassignment. If both mergers' contractual deadlines are given equal consideration, it is apparent that Aetna's case must proceed on the shorter timeline. That counsels in favor of this judge retaining the Aetna matter—both in order to avoid further delay and out of consideration for the transferee judge. Anthem urges the Court to retain its case instead, on the ground that it was filed first and randomly assigned here. But these considerations are not dispositive. According to the government, Anthem's case was filed first (and hence given the lower case number) as a result of pure happenstance.[2] And just as the initial assignment of Anthem's case was random, its re-assignment will be as well.

Decoupling these cases and sending one back to the calendar committee for reassignment is also consistent with the court's Local Rules. Under Local Rule 40.5(a)(3), civil cases are related if they "involve common issues of fact." But as all parties agree, these cases are quite different: they involve different parties, different product and geographic markets, and raise very different factual issues. That is not to say there is no overlap between the cases. For example, the parties in both cases may seek discovery from some of the same third parties. Such limited commonalities, however, do not make these cases "related" under Local Rule 40.5 because any common issues are dwarfed by divergent ones. Further, any risk of duplicative discovery can be accommodated through the discovery process, even if the same judge is not presiding over both cases. To that end, the Court thinks it advisable to appoint a Special Master to facilitate efficient discovery in these cases. All the parties, this judge, and presumably the judge to whom Anthem's case is reassigned can coordinate their efforts in selecting the Special Master and getting discovery underway. The parties to the Aetna case are thus directed to submit their recommendations, if any, regarding the appointment of a Special Master by not later than 5:00 p.m. on August 8, 2016.

---

[2] Indeed, the Aetna-Humana merger was actually entered, and notice provided to the Antitrust Division, well before the Anthem-Cigna merger.

Since each case may be impacted, the Court will accept any recommendation from Anthem and Cigna as well.

      **SO ORDERED**.

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated: <u>August 5, 2016</u>