UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> AETNA INC. and HUMANA INC., <br><br> *Defendants*. | Case No. 1:16-cv-01494 (JDB) |

**PLAINTIFFS' MOTION TO ENTER PROTECTIVE ORDER
AND MEMORANDUM IN SUPPORT**

The United States and the Plaintiff States (collectively, "Plaintiffs") respectfully ask the Court to enter the proposed protective order attached hereto as Exhibit A. Prior to and following the status conference that the Court held in this matter yesterday, Plaintiffs met and conferred with Defendants regarding the appropriate scope of the protective order that should govern this action as well as *United States, et al. v. Anthem Inc. and Cigna Inc.*, No. 1:16-cv-01493 (ABJ). While the parties have narrowed the issues in dispute, despite their best efforts they were unable to reach complete agreement. Plaintiffs submit that Exhibit A, which is substantively the same as the protective order that the *Anthem* parties have agreed to, properly safeguards the rights of third parties, avoids unnecessary confusion, and promotes the efficient administration and coordination of these actions.

Defendants propose a different protective order than the one agreed to in *Anthem*. But the protective order proposed by Defendants in this action would deprive third parties of the notice that they deserve to protect their interests and would subject their confidential information to

1

review by a competitor's "inside" counsel. Among other things, Defendants' proposed order would undermine third parties' confidence in the treatment of their confidential information. It also would potentially impede cooperation from other third parties with government investigations in future mergers.

Should the Court decide to grant access to inside counsel, Plaintiffs request that the protective order provide that (1) third parties may designate certain competitively sensitive materials as "Highly Confidential" and by doing so limit the disclosure of those materials to outside counsel only, and (2) third parties will have a reasonable period of time to seek additional protection before their information is disclosed. Plaintiffs submit that any such order should take the form of the proposed protective order that is attached as Exhibit B to this motion.

## BACKGROUND

As Plaintiffs have expressed to this Court, certain discovery-related issues common to this action and *Anthem* should be coordinated, including the terms of the protective order that governs the actions. The United States conducted a joint investigation of the two mergers at issue, and it has one investigatory file. During the investigation, the United States alone received information from more than 450 individuals and organizations, much of it containing highly sensitive business information, including among other things, strategic plans, plans for expansion or retrenchment, and pricing and margin information. Some of these third parties are individuals who provided unsolicited concerns about the proposed mergers; many are unfamiliar with the litigation process. Other third parties include insurers that compete against Aetna, Humana, Anthem, and Cigna, and doctors and hospitals who negotiate with these insurers in the ordinary course of business. These third parties provided information to the government on the

understanding that it would be kept confidential and, in the event of litigation, that it would be protected under an appropriate protective order.

On August 8, 2016, Anthem, Inc. filed a motion in *Anthem* to enter a proposed protective order. Among other things, that proposed order does not permit confidential information and documents to be disclosed to inside counsel. It also provides 10-days' notice to third parties regarding the potential disclosure of their confidential information and does not permit disclosure until after resolution of any relief sought by the third parties from this Court. Plaintiffs in *Anthem* have agreed to the language of that order because it provides adequate protection to third parties.

In this matter, Plaintiffs met and conferred with Defendants regarding the protective order that should govern this action on August 5, 8, 9, and 10. Plaintiffs proposed the same protective order to Defendants here that the parties in *Anthem* have since agreed to, and informed Defendants when that agreement with the *Anthem* parties was reached. Defendants here, however, have informed Plaintiffs that they will not agree to the same terms.

**ARGUMENT**

**I.     A single protective order best protects third parties and promotes efficient administration of these cases.**

These two cases affect an extraordinary number of third parties. Given that the information provided by these third parties will be turned over to Defendants, third parties are best served if their information is governed by the same protective order in both cases. This approach would simplify an already complicated process and avoid confusion by ensuring that third parties' information is treated the same regardless of which defendant in either case receives it. It would also decrease the risk of inadvertent disclosures. Cigna agrees—it told the court in *Anthem* last night that it "believes the entry of a protective order with substantially similar terms in this case and in *United States v. Aetna, et al.*, 16-cv-1494-JDB (D.D.C.)

3

("*Aetna/Humana*") will help ensure orderly and efficient production across both actions." Cigna Corp.'s Stmt. Position Anthem's Mot. Protective Order (ECF No. 62).

In contrast, two separate protective orders—particularly if they involved two different notice periods, or were entered on different days such that the notice periods did not line up—would substantially increase the burden on Plaintiffs and the Court. Under the terms of the protective order agreed to by the parties in *Anthem*, each of the hundreds of affected third parties will receive notice of the protective order and have a period of 10 days to apply to the court for additional protection. For any third party that applies for additional protection, their confidential information will not be disclosed until the Court has ruled on their motion. If identical orders (or a single order governing both cases) are entered at the same time, as Plaintiffs request, then the 10-day period will be the same for all third parties—allowing for efficient, one-time resolution of any issues that arise.

Defendants' proposed protective order would not provide adequate protection to third parties and is inconsistent with many significant terms of the agreed-upon protective order in *Anthem*. For example, the agreed-upon protective order in *Anthem* does not permit inside counsel of any defendant to review confidential information. This is necessary and advisable given the highly sensitive nature of the confidential information provided by third parties to the government. Again, Cigna agrees, and has conditioned its argument in favor of "entry of identical protective orders (or at least a protective order with substantially the same terms)" on the protective order in this case containing "the same stringent confidentiality protections found in the Protective Order that Anthem submitted" in that case. Specifically, Cigna is "strongly opposed" to a protective order that would include "permitting in-house counsel to review competitors' confidential information." Given that many third parties to this case are likely to be

4

similarly situated as Cigna (i.e., competitors of Aetna and Humana), Cigna's objection is only the first example of the issues that are likely to arise if two different protective orders are entered—one that includes access by inside counsel and one that does not.

## II. Creating a special provision for disclosure to Defendants' inside counsel burdens third parties and will cause delay.

In reviewing a proposed protective order, courts balance the risk of inadvertent disclosure of commercially sensitive information to competitors against the needs of the party seeking discovery to prosecute or to defend against the claims at issue. *See e.g.*, *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). Disclosure to inside counsel is not a legal or practical imperative, and defendants in merger litigation frequently proceed with protective orders that are limited to outside counsel only. *See, e.g.*, *Anthem*; *United States et al. v. US Airways*, No. 13-cv-01236 (D.D.C. Aug. 30, 2013) (ECF No. 55) (outside counsel only); *United States v. BCBS of Michigan*, No. 10-cv-14155 (E.D. Mich. May 14, 2012) (ECF No. 172) (outside counsel only) *United States v. Dean Foods Co.*, No. 10-cv-00059 (E.D. Wis. May 20, 2010) (ECF No. 30) (outside counsel only).

Cigna has already stated that it is strongly opposed to allowing Defendants' inside counsel access to its confidential information. The Department of Health and Human Services has also expressed to the United States that it is seriously concerned about, among other things, competitive bidding information being disclosed to inside counsel of a competing bidder. Others of the over 450 third parties in this case could be expected to take similar positions. Defendants' proposal to limit disclosure to inside counsel that do not participate in competitive decisionmaking does not adequately protect third parties for at least three reasons. First, Defendants have not identified the inside counsel that they propose to disclose information to (despite requests from Plaintiffs), so neither Plaintiffs nor any third party may make their own

evaluation of whether the person is involved in competitive decisionmaking.[1] Second, there is no guarantee that the designated inside counsel will not be involved in competitive decisionmaking in the future, including, for example, if the person receives a promotion. Third, Defendants reserve the right to add to the list of inside counsel at any time, offering no clarity to third parties about what information will disclosed to whom and when.

Further, Defendant's proposed protective order unreasonably burdens third parties with the requirement of continuously monitoring the Court's docket to see if any Defendant has filed an affidavit or declaration to expand the list of people who can now access the third parties' documents. Far from moving this case along expeditiously, such a process would invite multiple objections every time a new attorney is added. Defendants have not identified any compelling reason that inside counsel would need access to the confidential information of third parties that is sufficient to overcome the many reasons counseling in favor of a single protective order limited to outside counsel only.

At a minimum, any protective order providing for disclosure to inside counsel should limit such disclosure to Confidential Information, and exclude inside counsel from accessing Highly Confidential Information. Third parties should not be concerned that their most sensitive business documents could be seen by their competitors. In addition, third parties should have the benefit of knowing upon receipt of the protective order which inside counsel would be permitted to access Confidential Information—and sufficient time to challenge the disclosure to those

---

[1] Defendant's proposed protective order defines inside counsel as counsel of Defendants "who have filed an affidavit or declaration certifying that they do not participate in competitively sensitive decision-making for their employer and have signed the Agreement Concerning Confidentiality." Despite repeated requests, Defendants have not provided the names of any of the attorneys who they anticipate would file such affidavits or declarations.

specific individuals. These additional protections are included in the protective order that Plaintiffs have attached as Exhibit B to this motion.

### III. Defendant's proposed notice provisions are unreasonably burdensome and do not adequately protect third parties.

Defendants' proposed protective order would allow Plaintiffs only one day to contact over 450 third parties. Similarly, it does not give those third parties sufficient time to seek any modifications to the protective order they might deem necessary. As proposed, Defendant's protective order would allow a litany of persons, including outside vendors, outside trial consultants, testifying and consulting experts, and Defendant's outside counsel, to view a third party's documents before the third party has a chance to move for additional protection from this Court. The agreed-upon protective order in *Anthem* allows third parties a short but reasonable 10-day period of time to determine whether to seek additional protection. This is consistent with protective orders entered in similar cases, including *United States v. AB Electrolux*, No. 15-cv-1039-EGS (D.D.C. July 16, 2015) (ECF No. 29) (ten days); *United States et al. v. US Airways*, No. 13-cv-01236 (D.D.C. Aug. 30, 2013) (ECF No. 55) (ten days), and *United States et al. v AT&T Inc. and T-Mobile USA, Inc.*, No. 11-cv-01560-ESH (D.D.C. Nov. 10, 2011) (ECF No. 79) (ten days).

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant this motion and enter the protective order that is attached hereto as Exhibit A, or issue an order providing that the same protective order will govern both this case and *Anthem*. In the alternative, should the Court decide to permit disclosure to inside counsel, Plaintiffs argue for entry of the protective order attached hereto as Exhibit B.

Dated August 11, 2016

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Chief, Multistate Enforcement
Office of the Attorney General of Florida
PL-01, The Capitol
Tallahassee, FL 32399
Phone: (850) 414-3851
Email: liz.brady@myfloridalegal.com

/s/ Jennifer A. Thomson
Jennifer A. Thomson
Senior Deputy Attorney General
Antitrust Section
Office of the Attorney General
14th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 787-1190
Email: jthomson@attorneygeneral.gov

*Attorneys for States of Florida and Pennsylvania, and on behalf of the Plaintiff States*

Respectfully submitted,

/s/ Craig Conrath

Craig Conrath
Ryan M. Kantor
Patricia L. Sindel (D.C. Bar No. 997505)
Elizabeth S. Jensen
U.S. Dept. of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4100
Washington, DC 20530
Phone: (202) 532-4560
Email: craig.conrath@usdoj.gov

*Attorneys for United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2016, I caused a true and correct copy of the foregoing to be served upon the parties of record via the Court's CM/ECF system.

/s/ Craig Conrath
Craig Conrath
U.S. Dept. of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4100
Washington, DC 20530
Phone: (202) 598-8916
Email: craig.conrath@usdoj.gov

*Attorney for United States of America*